IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03334-BNB

NICHOLAS A. ROEDEL,

    Plaintiff,

v.

CHRISTOPHER SCARBROUGH,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Nicholas A. Roedel, initiated this action by filing *pro se* a Complaint. However, the Complaint was deficient in various ways because Mr. Roedel had not completed and submitted all of the pages of the court's nonprisoner complaint form. Mr. Roedel was ordered to cure these deficiencies and, on February 6, 2012, he filed an amended complaint.

    The court must construe the amended complaint liberally because Mr. Roedel is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Roedel will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the amended complaint and finds that the amended complaint remains deficient because Mr. Roedel has not used the complete court-

approved complaint form. Although the amended complaint includes the pages that were missing from the original complaint, the amended complaint is missing the first page of the court-approved complaint form. Mr. Roedel is advised that any pleading he files must include the entire court-approved complaint form.

More importantly, the court also finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Roedel fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, Mr. Roedel fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It appears from the civil cover sheet attached to the original complaint (*see* Doc. #1-1) that Mr. Roedel intends to invoke the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. If that is correct, Mr. Roedel should list that statute in the jurisdiction section of the second amended complaint he will be ordered to file. If Mr. Roedel intends to assert jurisdiction pursuant to some other statutory authority, he must identify that statutory authority in his second amended complaint.

Mr. Roedel also fails to provide a short and plain statement of his claims showing that he is entitled to relief. Mr. Roedel alleges that he was injured in a traffic accident on December 20, 2009, when Defendant ran into the back of his motorcycle. Although Mr. Roedel lists three numbered claims for relief in the amended complaint, it is not clear that he actually is asserting three separate and distinct claims for relief against Defendant because he fails to identify the specific legal right or theory on which each claim is based and he fails to allege specific facts that support three distinct claims for relief against Defendant. Therefore, it is not clear what specific claims Mr. Roedel is asserting in this action.

Mr. Roedel is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

3

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, Mr. Roedel is advised that it is his responsibility to present his claims clearly and concisely in a manageable format that allows the court and Defendant to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Roedel file, within thirty (30) days from the date of this order, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Mr. Roedel shall obtain the appropriate court-approved form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Roedel fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED February 13, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge